# EXHIBIT 2

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

OCT 17 2018

RICK WARREN
COURT CLERK

31_____

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| 1. DANNA FOREMAN, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>1. 4 CORNERS CONSTRUCTION, LLC,<br><br>Defendant. | **CJ-2018-5697**<br><br>Case No. CJ-2018-<br><br>ATTORNEY LIEN CLAIMED<br>JURY TRIAL DEMANDED |

## PETITION

**COMES NOW** the Plaintiff and pleads her claims as follows:

## PARTIES

1. The Plaintiff is Danna Foreman, an adult residing in Oklahoma County, Oklahoma.

2. The Defendant is 4 Corners Construction, LLC, a domestic company doing business in Oklahoma County, Oklahoma.

## CLAIMS & VENUE

3. Plaintiff's claims are for failure to pay wages in violation of Plaintiff's employment contract, the Oklahoma Protection of Labor Act (OPLA) and the Fair Labor Standards Act (FLSA). Plaintiff also asserts claims for wrongful termination in retaliation for her complaints of unpaid wages, in violation of the FLSA and Oklahoma's clearly established public policy as set out in 40 Okla. St. § 165.1, *et seq.* and ***Reynolds v. Avance Alarms, Inc.***, 232 P.3d 907 (2009).

4. Many of the actions giving rise to Plaintiff's claims arose in Oklahoma County such that venue is proper in Oklahoma County.

## STATEMENT OF FACTS

5. The Defendant is an employer under the Fair Labor Standards Act (FLSA) in that it is a company that builds residential homes in Oklahoma, Missouri and Iowa and has at least five hundred thousand dollars ($500,000) in annual gross revenue.

6. The Plaintiff became employed with the Defendant around May 4, 2018.

7. The Plaintiff was hired under the job position as Sales Coordinator/Sales Executive.

8. The Plaintiff was not a supervisor and was entitled to both minimum wages and overtime wages under the FLSA.

9. The Plaintiff was qualified for her job and performed satisfactorily.

10. The Defendant also employed other Sales Coordinators/Sales Executives who were entitled to minimum and overtime wages under the Fair Labor Standards Act.

11. Around May 4, 2018, the Plaintiff and the Defendant entered into a contractual agreement which provided that Defendant would pay the Plaintiff a base salary of twenty four thousand dollars ($24,000) per year.

12. Thereafter the Defendant also promised to pay the Plaintiff commissions of 1.5% on properties sold by the Plaintiff, in addition to her base salary.

13. Although the Plaintiff and Defendant maintained a written contractual agreement regarding the amount of her base salary, the Plaintiff was at all times an at-will employee.

14. During multiple weeks of her employment, including in July, August and September 2018, the Plaintiff worked in excess of forty (40) hours per week.

15. During these periods, the Defendant did not pay the Plaintiff any wages earned, including the wages agreed upon in the written and verbal contract, minimum wages

and/or overtime wages.

16. Defendant did not pay the Plaintiff commissions earned, including commissions on properties Plaintiff sold between July and September 2018.

17. In addition to the Plaintiff, there are at least ten current and/or former Sales Coordinators/Sales Executives who have worked for the Defendant during the preceding three years and earned wages which the Defendant has refused to pay.

18. Around September 12, 2018, the Plaintiff complained to the Defendant that Defendant was violating the law by failing to pay Plaintiff her wages.

19. Defendant terminated the Plaintiff's employment around September 28, 2018.

20. The stated reason was that the Plaintiff's job performance.

21. The Defendant's claimed justification for terminating the Plaintiff is untrue for several reasons, including that Plaintiff's performance was on par and/or better than other similarly situated employees and that Plaintiff's supervisors (including Marty Vevea, Division President) had recently praised her job performance.

22. As a direct result of the Plaintiff's termination, she has suffered, and continues to suffer, wage loss (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary harm damages including worry, frustration, anxiety and similar unpleasant emotions.

23. At the least, significant factors in the decision to terminate the Plaintiff's employment include her complaints of unpaid wages and Defendant's violations of wage laws.

24. After Plaintiff's termination, the Defendant offered her a "Severance Agreement and Release" which purports to require Plaintiff to release claims for, and entitlement to, her earned wages, including minimum and overtime wages.

## COUNT I

Plaintiff incorporates the above statements and further alleges:

25. Failure to pay wages (including minimum and overtime wages) and retaliation after Plaintiff complained of unpaid wages, violates the FLSA.

26. Under this Count, the Plaintiff is entitled to her wages loss (including back, present and front pay along with the value of benefits associated with such wages) and liquidated damages.

27. Plaintiff is also entitled to an award of attorney fees and costs.

## COUNT II

Plaintiff incorporates the above statements and further alleges:

28. Failure to pay agreed upon wages violates the Oklahoma Protection of Labor Act.

29. Under this Count, the Plaintiff is entitled to her wages loss and an equal amount of liquidated damages.

30. Plaintiff is also entitled to an award of attorney fees and costs.

## COUNT III

Plaintiff incorporates the above statements and further alleges:

31. Failure to pay agreed upon wages violates Plaintiff's contractual agreements with the Defendant.

32. Under this Count, the Plaintiff is entitled to her agreed upon wages and liquidated damages.

33. Plaintiff is also entitled to an award of attorney fees and costs.

## COUNT IV

Plaintiff incorporates the above statements and further alleges:

34. Terminating the Plaintiff in retaliation for complaining of unpaid wages violates Oklahoma's clearly established public policy as set out in 40 Okla. St. § 165.1, *et seq.* and *Reynolds v. Avance Alarms, Inc.*, 232 P.3d 907 (2009) (protecting employees who report unpaid wages and assert their right to payment for wages earned).

35. Under this Count, the Plaintiff is entitled to her wage loss (including back, present and front pay along with the value of benefits associated with such wages) and emotional distress/dignitary harm damages.

36. Because the Defendant's conduct was willful or, at the least, in reckless disregard of Plaintiff's rights, the Plaintiff is entitled to an award of punitive damages.

## CLASS CERTIFICATION

37. The actions described constitutes an illegal policy and/or procedure of non-payment of wages, including minimum and/or overtime wages, as prohibited by the FLSA and OPLA.

38. Because the Plaintiff's injuries arise from an unlawful policy and/or procedure, Plaintiff should, upon discovery of the identity of the similarly situated employees, be entitled to a certification of a class of injured employees entitled to such relief.

39. There are, to Plaintiff's knowledge, at least ten to fifty employees who would be subject to the same unlawful policies and procedures and who have suffered the same injury as Plaintiff (non-payment of wages) with the only distinction being the amount of injury each suffered.

40. The class is specifically knowable and defined as it consists of current and former employees of the Defendant who, like Plaintiff, were not paid their wages earned (including minimum and overtime wages) and which were owed to them.

41. The class is sufficiently numerous that it is impractical to name each member of the class individually and such that a class action is the most economical, expeditious and just way of managing this claim.

42. There are questions of law or fact common to the class, including whether the employees were denied overtime wages in violation of the FLSA and OPLA.

43. Plaintiff Foreman, as the class representative, shares the same questions of law and fact with other class members and will fairly and adequately protect the interests of the class.

44. The only factual matter different between the collective plaintiffs would be the amount of wages lost and damages owed.

**WHEREFORE**, Plaintiff prays that she be granted judgment in her favor and against the Defendant on her claims and that this Court grant the Plaintiff and the class all available compensatory damages, liquidated damages, pre-and post-judgment interests, costs, attorneys' fees and any other legal or equitable relief allowed by law.

**RESPECTFULLY SUBMITTED THIS 17th DAY OF OCTOBER, 2018.**

HAMMONS, GOWENS, HURST & ASSOC.

*[signature]*

Mark E. Hammons, OBA No. 3784
Amber L. Hurst, OBA No. 21231
Kristin E. Richards, OBA No. 33255
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
mark@hammonslaw.com
amber@hammonslaw.com
kristin@hammonslaw.com
ATTORNEY LIEN CLAIMED
*Attorneys for Plaintiff*